David H. Moses, #10239
CASE, MOSES, ZIMMERMAN & WILSON, P.A.
900 Garvey Center, 200 West Douglas
Wichita, Kansas 67202-1321
(316) 303-0100

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**WICHITA**

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) Case No.: 05-10253-02
)
MANJUR ALAM, )
)
Defendant. )
_________________________________)

**MEMORANDUM IN SUPPORT OF MOTION**
**TO SEVER CO-DEFENDANT, MANJUR ALAM**

Defendant Manjur Alam submits this Memorandum in Support of his Motion to Sever pursuant to Fed. R. Crim. Proc. 14. Mr. Alam submits that the facts of this case are such that it will be difficult, if not impossible, for the jury to separate the evidence relevant to each defendant while at the same time rendering an impartial and fair verdict. Given Mr. Alam's involvement in the fact scenario alleged by the government, it will be highly prejudicial to him if the defendants are joined together in one trial. Severance is necessary to avoid this prejudice.

On January 25, 2006, the Grand Jury issued a Superseding Indictment charging, in Counts 1 through 5, Byron D. Fitchpatrick with selling drugs, possessing a gun in a drug

transaction and using the proceeds from the drug transaction to purchase homes. The Superseding Indictment further alleges, in Counts 6 through 12 a scheme amongst 6 other defendants, claiming they conspired together to defraud the United States Department of Housing and Urban Development (HUD). In this same case, Fitchpatrick was previously charged, by himself, on December 22, 2005 by way of a Complaint and then subsequently by way of an Indictment filed on December 28, 2005 with what are now Counts 1 through 5 in the Superseding Indictment.

## ARGUMENT AND AUTHORITIES

### I. Standard For Rule 14 Motions To Sever:

Criminal Procedure Rule 14 provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

The purpose of Rule 14 is to "promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Zafiro v. U.S., 506 U.S. 534, 540 (1993). "In determining the merits of a motion for severance, the court must weigh the prejudice to a particular defendant caused by the joinder against the important considerations of economy and expedition in judicial interests." U.S. v. Gomez, 994 F. Supp. 1322, 1336 (D Kan. 1998).

**II. Joint Trial Threatens To Unfairly Prejudice Defendant Alam:**

Severance should be granted here because of the unfair prejudice a joint trial presents to Mr. Alam. Generally,

> [A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant. For example, evidence of a co-defendant's wrongdoing in some circumstances erroneously could lead to a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened.

U.S. v. Faulkner, et al., 323 F. Supp. 2d 1111, 1120-21 (D. Kan. 2004) (quoting Zafiro, 506 U.S. at).

Absent severance in this case, the jury will be unable to render a fair and impartial verdict. It is defendant's contention that he stands in a different position than do the other defendants and that a joint trial with them may imply a relationship with the lead defendant, Byron Fitchpatrick, that did not exist.

The government has produced a large number of documents in connection with this case. Many are reports from the Sedgwick County Sheriff's Office. The following information is contained in the documents:

1. Byron Fitchpatrick has been previously charged with and convicted of sale of marijuana.

2 Mr. Fitchpatrick purchased numerous houses, apparently with the proceeds from drug sales.

3. The purchases were made by Mr. Fitchpatrick or by relatives and friends of Mr. Fitchpatrick.. Mr. Fitchpatrick purchased some homes as an investor, but purchased some HUD homes, claiming he was to be the owner-occupant. It is the purchase of the HUD homes that forms the basis of claims against Mr. Alam.

4. Others named in the Indictment had personal relationships with Byron Fitchpatrick:

    a. Defendant Shatanya Douglas, a/k/a Fitchpatrick, is the wife of Byron Fitchpatrick.

    b. Defendant Kathleen Fitchpatrick is Mr. Fitchpatrick's mother.

    c. Defendant Deverell Jones was in Mr. Fitchpatrick's car when Mr. Fitchpatrick was arrested on December 15, 2005.

    d. Defendant Demond Reed was a friend of Mr. Fitchpatrick and purchased a HUD home after the corporation operated by Byron Fitchpatrick and his mother gave him the money to make the purchase.

5. The documents do not show a personal relationship between Mr. Fitchpatrick and Philip Fish, but they do show a purchase of HUD homes by Mr. Fitchpatrick with Mr. Fish as his realtor.

It is recognized that joint trials are preferred when all the defendants participated in the offenses together. *Gomez,* 994 F. Supp. At 1336, however, there is a clear distinction between the conduct alleged against Byron Fitchpatrick in Counts 1 through 5 and the conduct alleged in Counts 6 through 12. In addition, information provided clearly identifies Mr. Alam as a likely witness against Byron Fitchpatrick in a portion of Counts 1 through 5 as well as in Counts 6 through 12. The government is attempting to unfairly influence the jury against Mr. Alam and the other defendants charged in Counts 6 through 12 by associating them with Byron Fitchpatrick and his alleged drug, guns and money laundering

conduct. At the minimum, there should be two trials of this matter, the first of Byron Fitchpatrick for Counts 1 through 5 and the second involving Counts 6 through 12.

Defendant Alam agrees with Defendant Fish that in *Zafiro*, the United States Supreme Court stated that evidence of a co-defendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty." 481 U.S. at 211. That is precisely the risk in the present case. Jointly trying this case will make it difficult for the jury to separate the evidence which points to the conspiracy amongst the other defendants from what applies to Mr. Alam. This will prevent the jury from making a reliable judgment as to Mr. Alam's guilt or innocence. Consequently, Mr. Alam will receive an unfair trial and could be found guilty by association. Compare Faulkner, 323 F. Supp. 2d at 1121 (denying motion to sever where movant could not show that "the majority of the evidence was only directed towards one defendant, thus subjecting the other defendants to the risk of a jury finding them guilty by association").

Furthermore, severance may be justified "when many defendants are tried together in a complex case and they have markedly different degrees of culpability." Faulkner, 323 F. Supp. 2d at 1121 (quoting Zafiro, 506 U.S. at 539). Here, seven defendants are being tried in a complex case which involves an alleged conspiracy to defraud the government on purchases of HUD homes. Given the materials produced by the government in discovery it is clear that defendant Mr. Alam was not a member of the "family of conspirators" and was on the outside, similar to Mr. Fish and, as alleged, has a far lower degree of culpability than

the other five defendants. As a result, he will be unfairly prejudiced if this action is jointly tried.

**CONCLUSION**

The government, in its attempt to have one trial of all counts alleged in the Superseding Indictment, unfairly prejudices Mr. Alam and the other co-defendants in Counts 6 through 12. Mr. Fitchpatrick should be first tried on Counts 1 through 5 and then, if still necessary, the remaining defendants should be tried on Counts 6 through 12. Although an argument can be made that Mr. Alam should not be severed from the trial of the other co-defendants in Counts 6 through 12, a stronger and more compelling argument is present for the severance of Mr. Alam from the "family of conspirators".

Respectfully submitted

CASE, MOSES, ZIMMERMAN & WILSON, P.A.

s/David H. Moses
David H. Moses
Bar Number 10239
Attorney For Defendant Manjur Alam
Case, Moses, Zimmerman & Wilson, P.A.
900 Garvey Center, 200 West Douglas
Wichita, Kansas 67202
Phone Number: (316) 303-0100
Fax Number: (316) 265-8263
E-mail Address: dmoses@cmzwlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd of April, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Annette Gurney, and Matthew Treaster, Office of the U.S. Attorney; Stephen Robison; Roger L. Falk; Steven D. Mank; Charles O'Hara; David Freund; and John Rapp, and other attorneys of record for the co-defendants named herein.

s/David H. Moses
David H. Moses
Bar Number 10239
Attorney For Defendant Manjur Alam
Case, Moses, Zimmerman & Wilson, P.A.
900 Garvey Center, 200 West Douglas
Wichita, Kansas 67202
Phone Number: (316) 303-0100
Fax Number: (316) 265-8263
E-mail Address: dmoses@cmzwlaw.com